UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.   EDCV 15–1163-MWF(KKx) | Date:  August 10, 2015 |

Title:     Jesus Gonzalez Quiroga  -v- Bank of America, N.A., et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| | |
|---|---|
| Cheryl Wynn | Court Reporter |
| Relief Deputy Clerk | Not Reported |
| | |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER GRANTING MOTION TO REMAND AND DENYING MOTION TO DISMISS [12] [14]

Before the Court are two motions.  On June 22, 2015, Defendant Bank of America, N.A. ("BANA") filed a Motion to Dismiss Plaintiffs' Complaint (the "BANA Motion").  (Docket No. 12).  Plaintiff Jesus Gonzalez Quiroga filed a Motion to Remand (the "Remand Motion") on July 3, 2015.  (Docket No. 14).   On June 29, 2015, Plaintiff filed an Opposition to Defendant's Dismiss Complaint (the "Opposition"). (Docket No. 13).  On July 3, 2015 BANA filed its Reply in Support of Defendants' Motion to Dismiss Plaintiffs' Complaint (the "BANA Reply").  (Docket No. 15).  On July 13, 2015, BANA filed an Opposition to Plaintiff's Motion for Remand (the "Remand Opposition").  (Docket No. 18).  On July 23, 2015, Plaintiff filed his Reply in Support of Motion to Remand (the "Remand Reply").  (Docket No. 19).

The Court considered the papers submitted by the parties and held a hearing on August 3, 2015.  For the reasons stated below, the Court **GRANTS** the Remand Motion.  Because the Court determines it lacks jurisdiction, it does not address BANA's Motion, which is **DENIED as moot**.

**Background**

This action arises out of BANA's servicing of a negative amortization loan taken out by Plaintiff to purchase a house.  (Complaint ¶ 12 (Docket No. 1)).  The loan was originally for $275,674.  In 2013 Plaintiff requested and obtained a loan modification

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 15–1163-MWF(KKx)                              Date:  August 10, 2015

Title:       Jesus Gonzalez Quiroga  -v- Bank of America, N.A., et al.

from BANA.  (*Id*. ¶ 15).  The modification indicates that seven years after Plaintiff started making payments, the amount due under the modification has only been reduced to $267,362.  (*Id*.).  Plaintiff alleges that this must be a mistake and that the loan modification did not include the required information regarding his payment schedule, an amortization table or how taxes would be paid.  (*Id*.).

In light of these problems, Plaintiff attempted to obtain another modification in January 2014 by submitting another completed application and requesting the assignment of a Single Point of Contact.  (*Id*. ¶ 18).  Plaintiff received no acknowledgement of the application and again contacted BANA in March 2014.  (*Id*. ¶ 19).  He was assured that he would be contacted five days later regarding his application, but received no call.  (*Id*.).  Plaintiff continued to receive no information from BANA despite making follow up calls in April, twice in May, as well as in August and September.  (*Id*. ¶¶ 20–24).  He was reassured at various points that he would be contacted within 72 hours to address BANA's failure to review his modification, and told that a letter had been sent regarding his modification.  (*Id*. ¶¶ 21, 22).  Plaintiff alleges he has never received any explanation as to why his application has not been reviewed, nor received any correspondence on the topic from BANA.

Plaintiff alleges that as a result of BANA's behavior he has fallen behind on his payments and incurred late fees and costs.  Plaintiff does not allege that BANA has instigated a foreclosure process.

Plaintiff alleges eight claims for relief: 1) dual tracking in violation of California Civil Code section 2923.6; 2) failure to appoint a Single Point of Contact in violation of California Civil Code 2923.7; 3) breach of contract; 4) breach of the implied covenant of good faith and fair dealing; 5) negligent misrepresentation; 6) negligence; 7) promissory estoppel; and 8) violation of Business and Professions Code § 17200 et seq.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 15–1163-MWF(KKx)						Date:  August 10, 2015

Title:	Jesus Gonzalez Quiroga  -v- Bank of America, N.A., et al.

**Discussion**

The Court first addresses the Remand Motion as it raises questions as to this Court's jurisdiction to hear this matter.

### A. Jurisdiction

Because there is a "strong presumption" against removal jurisdiction, the defendant removing the action bears the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (holding that defendant's unsupported allegation that amount in controversy exceeded jurisdictional threshold was not sufficient to overcome presumption against removal).  BANA removed this action on the basis of diversity jurisdiction.  "The district courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between . . . citizens of different States."  28 U.S.C. § 1332(a); see also *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000").

Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met.  *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006) (holding that Class Action Fairness Act does not shift burdens normally applied to removal of state action to federal court); *Gugluilmino v. McKee Foods Corp.*, 506 F.3d 696 (9th Cir. 2007).  Courts strictly construe the removal statute against removal jurisdiction.  *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir.1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir.1985).  Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.  *Gaus*, 980 F.2d at 566.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 15–1163-MWF(KKx)            Date:  August 10, 2015

Title:      Jesus Gonzalez Quiroga  -v- Bank of America, N.A., et al.

### 1. Diversity of the Parties

The parties do not dispute that there is complete diversity among the parties in this case.  Therefore, the first requirement for jurisdiction is met.

### 2. Amount in Controversy

The second question is whether the amount in controversy exceeds $75,000.  Where a plaintiff seeks injunctive relief, the value of the object of the litigation determines the amount in controversy.  *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (holding that trademark valued at more than $100,000 that was subject to injunctive and equitable relief satisfied the amount in controversy); *Gonzales v. Wells Fargo Bank, N.A.*, C 14-03850, 2014 WL 5465290 (N.D. Cal. Oct. 28, 2014) (finding amount in controversy met in diversity case where plaintiff sought injunction preventing foreclosure of property).

BANA argues that the amount in controversy is met because Plaintiff seeks an injunctive preventing it from foreclosing on the loan.  (Remand Opp. at 4–5).  Plaintiff meanwhile argues that BANA has not shown that his request for damages is above the jurisdictional amount as it is its burden to do, and that because he is not currently in foreclosure his request for injunctive relief does not make the house the object of the dispute.  (Remand Mot. at 2).

A number of cases have found that federal jurisdiction is lacking based on similar claims.  *See e.g. Vergara v. Wells Fargo Bank, N.A.*, SACV 15–00058–JLS, 2015 WL 1240421 (C.D. Cal. Mar. 17, 2015) (holding that request for loan modification and injunction enjoining bank from future foreclosure did not place the value of the entire loan at issue*); Cheng v. Wells Fargo Bank, N.A.*, SACV10–1764–JLS (FFMx), 2010 WL 4923045, at *2 (C.D. Cal. Dec.2, 2010) ("[T]he primary relief sought by plaintiff is a temporary delay of the foreclosure proceedings, and the amount of the loan at issue would therefore not be a relevant measure of damages.") *Soto v. Litton Loan Servicing*, C 10-05099, 2011 WL 724746, at *4 (N.D. Cal. Feb. 22, 2011) (plaintiffs' suit for loan modification did not place value of house at issue in the

---

**CIVIL MINUTES—GENERAL**            4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 15–1163-MWF(KKx)				Date:  August 10, 2015

Title:		Jesus Gonzalez Quiroga  -v- Bank of America, N.A., et al.

litigation to meet the amount in controversy threshold); *Vonderscher v. Green Tree Servicing, LLC*, No. 2:13-CV-00490-MCE, 2013 WL 1858431, at *4 (E.D. Cal. May 2, 2013) (holding that where plaintiffs sought modification and alleged that they were not in default so not subject to foreclosure, the value of the loan or house was not appropriately considered the amount in controversy and so the court lacked jurisdiction).  *Landa v. Flagstar Bank, FSB*, No. 10CV1429-L(BGS), 2010 WL 2772629, at *2 (S.D. Cal. July 13, 2010) ("Plaintiffs do not seek to rescind the loan. They continued to make the agreed-upon loan payments and apparently seek to enforce the loan on the agreed-upon terms. Accordingly, the amount in controversy is not properly gauged by the loan amount or the property value.").

Much like the circumstances in *Vonderscher*, Plaintiff is not in default, there has not been a notice of default filed, there is no pending foreclosure, and while the complaint mentions foreclosure, that is not its focus.  2013 WL 1858431, at *3 ("Contrary to Defendant's argument, the fact that Plaintiffs' complaint includes mention of foreclosure, and indeed seeks to enjoin a potential foreclosure, is not dispositive of whether the loan amount establishes the amount in controversy for purposes of diversity jurisdiction") (citing *Horace v. LaSalle Bank Nat'l Ass'n*, No. 3:08cv1019MHT (WO), 2009 WL 426467, *12 (M.D. Ala. Feb. 17, 2009); *Baskin v. Wells Fargo Bank, N.A.*, C 11–0825 SBA, 2011 WL 5369123 (N.D. Cal. Nov.7, 2011)).  Much like the plaintiff in *Vonderscher*, Plaintiff seeks to obtain a modification and recover damages resulting from BANA's alleged improper actions regarding his attempts to obtain a modification.  The value of the house, or the loan, is not the proper measure of the amount in controversy.  *Vonderscher*, 2013 WL 1858431 at *4 ("Accordingly, Plaintiffs' action is essentially a common law fraud action, and the amount of Plaintiffs' loan is not the proper measure of the amount in controversy."); *see also Landa*, 2010 WL 2772629 (remanding case because plaintiffs' action was "essentially a common law fraud action rather than a typical mortgage foreclosure action" when seeking modification and injunction when home was not in foreclosure); *Johnson v. Wells Fargo Home Mortgage*, No. CV 12–00144 GAF, 2012 WL 1229880, at *4 (C.D. Cal. Apr. 11, 2012); *Moreno v. Select Portfolio Servicing, Inc.*, 2010 WL 2525980, at *8–9 (E.D. Cal. Jun. 23, 2010) (rejecting defendant's argument that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 15–1163-MWF(KKx)            Date:  August 10, 2015

Title:      Jesus Gonzalez Quiroga  -v- Bank of America, N.A., et al.

amount in controversy was satisfied because the plaintiff was seeking a modification of a $448,000 loan and an injunction to enjoin any foreclosure sale of the property).

      By contrast, in the cases on which BANA relies, the property or loan was squarely the subject of the complaint.  In *Reyes v. Wells Fargo Bank, N.A.*, C–10–01667 JCS, 2010 WL 2629785 (N.D. Cal. June 29, 2010) the plaintiff was seeking injunctive relief to undo the sale of the property, the value of which was indisputably above the jurisdictional threshold.  In *Cabriales v. Aurora Loan Services*, C 10–161 MEJ, 2010 WL 761081 (N.D. Cal. March 2, 2010), the plaintiffs sought injunctive relief to prevent a pending foreclosure of their property.  Finally, in *Garcia v. Citibank, N.A.*, 2:09–CV–03387–JAM–DAD, 2010 WL 1658569 (E.D. Cal. Apr. 23, 2010), the plaintiff sought both an injunction to stop a pending foreclosure, and rescission of the loan in the amount of $221,000.  This action does not involve the house or loan in a similarly direct way such that either should be considered the object of the litigation.

      At the hearing, counsel for BANA argued that Plaintiff seeks to rescind the modification he currently has, thereby placing the value of the loan at issue, which in turn would meet the jurisdictional amount.  The Court is not persuaded by BANA's attempt to so finely parse Plaintiff's Complaint.  The modification created a new loan, and Plaintiff's current attempt to obtain a modification which he claim he is entitled to, or damages as a result of BANA alleged harm in modifying the old loan, does not remove the case from the situations found in the cases upon which Plaintiff relies.  Plaintiff does not seek to rescind a loan in the way the plaintiffs in *Garcia* did.  That the loan has already been modified does not alter the Court's analysis.

      Accordingly, BANA has failed to show, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.  The Court therefore concludes that it lacks subject matter jurisdiction to hear this case under 28 U.S.C. § 1332(a) and **GRANTS** the motion to remand.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 15–1163-MWF(KKx)          Date:  August 10, 2015

Title:     Jesus Gonzalez Quiroga  -v- Bank of America, N.A., et al.

### B. Request for Attorneys' Fees

Plaintiff also requests an award of attorneys' fees.  Pursuant to 28 U.S.C. § 1447(c), a district court has the discretion to award attorneys' fees and costs upon remand if the defendant lacked an "objectively reasonable" basis for removal.  *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (holding that attorney fee provision of the removal statute create neither a strong presumption in favor of awarding fees on remand nor a strong bias against fee awards); *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir.2006) (upholding fee award under § 1446(c) where the removal was "frivolous").  Although the Court concludes that BANA's removal lacked merit, the above discussion should demonstrate that the petition and arguments made in support thereof were carried forward in good faith.  Accordingly, the Court **DENIES** Plaintiff's request for attorneys' fees.

### Conclusion

For the reasons stated above, the Court **GRANTS** the Remand Motion, but **DENIES** Plaintiff's request for attorney's Fees.  The Court further **DENIES as moot** BANA's motion to dismiss.

Accordingly, the Court **REMANDS** the action to the Superior Court of the State of California for the County of Riverside. The Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.  Local Rule 58-6.

IT IS SO ORDERED.